FILED

JAN 2 4 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　Plaintiff, )<br>v. )<br>　　　　　　　　　　　　　　　　)<br>GIL SILVA, )<br>　　　Defendant. )<br>_____ )<br>　　　　　　　　　　　　　　　　) | No. CR 11-71409 MAG (DMR)<br><br>DETENTION ORDER |

## I. DETENTION ORDER

Defendant Gil Silva is charged in a criminal complaint with violations of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm and ammunition) and 21 U.S.C. § 841(a)(1) and (b)(1)(A)(possession with intent to distribute 50 grams or more of methamphetamine). On January 19, 2012, the United States moved for Mr. Silva's detention and asked for a detention hearing, as permitted by 18 U.S.C. § 3142(f). Pretrial Services prepared a full bail study.

Following a hearing on January 24, 2012, and considering the parties' proffers, the bail study, and the factors set forth in 18 U.S.C. § 3142(g), the court finds clear and convincing evidence that Mr. Silva presents a danger to the community, and that no condition or combination of

DETENTION ORDER
CR 11-71409 MAG (DMR)　　　　　　　　　1

cc: Copy to parties via ECF, Pretrial Services, 2 Certified Copies to U.S.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Marshal

conditions in 18 U.S.C. § 3142(c) will reasonably assure the safety of any other person or the community. 18 U.S.C. § 3142(e) and (f); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

The court begins its analysis by examining the nature and circumstances of the offense, and the weight of the evidence. 18 U.S.C. § 1342 (g). The weight of the evidence is the least important factor, in order to avoid the possibility of a bail determination becoming a mini-trial on the merits. *See, e.g., United States v. Gebro,* I 948 F.2d 1118, 1121 (9th Cir. 1991). The allegations in the sworn affidavit supporting the criminal complaint state that law enforcement officials conducted a parole search of the home of Mr. Silva and his wife and co-defendant, Marie Silva. Mr. Silva attempted to flee the premises but was apprehended. The items recovered in the search included a Mac 10 style machine gun with an obliterated serial number, two AK-47 style magazines and other live ammunition, two loaded .357 revolvers, and a sawed-off shotgun. Officers also recovered methamphetamine and plastic baggies. Although this information lends support to a finding that Mr. Silva presents a danger to the community, the court cannot, and does not give controlling weight to the allegations in this case.

However, Mr. Silva has a significant criminal record, dating back to a juvenile burglary charge in 1984. From 1995 through mid-2010, Mr. Silva sustained eight felony convictions, mostly related to possession and sale of narcotics. In 2006, Mr. Silva was convicted of felony evasion of a peace officer causing serious bodily injury or death, and received a three year prison term. Also troubling is the fact that Mr. Silva committed many of these offenses while on probation. The bail study indicates upwards of twelve probation revocations. Most recently, Mr. Silva's probation was revoked in June 2011 in lieu of a state prosecution for possession of a controlled substance. Mr. Silva was arrested in the present case while on parole.

Mr. Silva's lengthy and serious criminal history, coupled with his numerous probation revocations constitute clear and convincing evidence that he presents a danger to the community that cannot be mitigated through a combination of release conditions.

## II.  CONCLUSION

DETENTION ORDER
CR 11-71409 MAG (DMR)                              2

The Court detains Mr. Silva. He shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: January 24, 2012

_____
DONNA M. RYU
United States Magistrate Judge

DETENTION ORDER
CR 11-71409 MAG (DMR)                    3