IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  CR 12-0092 CW |
| Plaintiff, | ORDER DENYING MOTION FOR MODIFICATION OF SENTENCE AND § 2255 MOTION |
| v. | |
| GIL SILVA, | (Docket Nos. 42 & 44) |
| Defendant. | |

Defendant Gil Silva has filed a pro se motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline (USSG) § 1B1.10, based on the United States Sentencing Commission's Amendment 782.  Silva has also filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.  The Office of the Federal Public Defender has filed notices of non-intervention, stating that it has reviewed Silva's motions and it will neither pursue appointment of counsel nor intervene in the matters.  Docket Nos. 43, 48.  The United States Probation Office (USPO) has filed a Sentence Reduction Investigation Report recommending the denial of the § 3582 motion.  Having considered the papers and the record in this case, the Court DENIES the § 3582 motion and the § 2255 motion.[1]

---

[1] Silva has also filed a motion for appointment of counsel to pursue his motions.  As discussed below, the Court finds that neither of the pending substantive motions has merit. Accordingly, the Court finds that appointment of counsel is unnecessary.   The motion is DENIED.  Docket No. 46.

BACKGROUND

On April 3, 2012, the Court accepted Silva's guilty plea, pursuant to a plea agreement, to one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), and one count of possession with intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(A).  The plea agreement calculated an adjusted offense level of 25 for the firearm offense.  Docket No. 29.  Utilizing USSG § 4B.1.1, the Career Offender guideline, the plea agreement calculated an adjusted offense level of 34 for the controlled substance offense.  The plea agreement provided that the reasonable sentence for the case was 180 months of imprisonment.

The Presentence Report (PSR) calculated an adjusted offense level of 34 for the drug offense, utilizing USSG § 4B1.1 to begin with a base offense level of 37.  According to the PSR, Silva's designation as a Career Offender was based on two prior felony convictions for controlled substance offenses, one felony conviction for a crime of violence, "and others."  With a criminal history category of VI, Silva's advisory Guideline range was 262-327 months in prison.

On July 17, 2012, the Court sentenced Silva to 180 months. Silva did not appeal his conviction or sentence.  On April 25, 2016, Silva filed the instant § 3582 motion and, on June 23, 2016, Silva filed the instant § 2255 motion.

2

DISCUSSION

I.   § 3582 Motion

Silva's § 3582 motion is based on Amendment 782 to the USSG, which revised the Drug Quantities Table across drug and chemical types. A defendant is eligible for a sentence reduction under § 3582(c) "if two prongs are satisfied: (1) the sentence is based on a sentencing range that has subsequently been lowered by the Sentencing Commission and (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." United States v. Pleasant, 704 F.3d 808, 810 (9th Cir. 2013) (internal quotation marks omitted). The policy statement at USSG § 1B1.10(a)(1) provides that a defendant is eligible for a sentence reduction if "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines. . . ." Accordingly, a defendant's sentence must be "based on" a sentencing range that has been changed, and the Guideline range "applicable to" the defendant must have been lowered by an amendment in order for him or her to be eligible for a reduction under § 3582(c).

The Court agrees with the USPO's conclusion that Silva is ineligible for a modification of his sentence. The Court sentenced Silva according to a Guideline range calculated based on the Career Offender provisions, which were unaffected by the above-cited USSC amendment. Accordingly, Silva's motion for reduction of sentence is DENIED. Docket No. 42.

II.  § 2255 Motion

A prisoner in custody under sentence of a federal court, making a collateral attack against the validity of his or her

3

conviction or sentence, must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the court which imposed the sentence. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). A motion to vacate, set aside or correct a federal sentence under § 2255 must be filed within one year of the latest of the date on which: (1) the judgment of conviction became final; (2) an impediment to making a motion created by governmental action was removed, if such action prevented petitioner from making a motion; (3) the right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

The judgment against Silva became final in July 2012. His § 2255 motion was filed in June 2016, almost four years later. Silva's first claim challenges the use of California state drug offenses as predicate offenses for his Career Offender designation. This claim does not satisfy any of the exceptions to the one year filing limitation. Accordingly it is dismissed as untimely. Silva's second, third and fourth claims rely, at least in part, on Johnson v. United States, 135 S. Ct. 2551 (2015).

In Johnson, the Supreme Court addressed a challenge to the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), which provides that a defendant with three prior "violent felony" convictions faces a fifteen-year mandatory-minimum sentence if convicted of violating 18 U.S.C. § 922(g). 18 U.S.C. § 924(e). The ACCA residual clause definition of "violent

4

felony," which encompasses any crime that "involves conduct that presents a serious potential risk of physical injury to another," is identical to the residual clause of the Guidelines' definition "crime of violence."  The Ninth Circuit makes "no distinction between the terms 'violent felony' as defined in the ACCA and 'crime of violence' as defined in § 4B1.2(a)(2) of the Sentencing Guidelines for purposes of interpreting the residual clauses."  United States v. Spencer, 724 F.3d 1133, 1138 (9th Cir. 2013) (quoting United States v. Crews, 621 F.3d 849, 852 n.4 (9th Cir. 2010) (internal alteration marks omitted).

The Johnson Court held that the residual clause is so vague that it "both denies fair notice to defendants and invites arbitrary enforcement by judges."  135 S. Ct. at 2557.  Accordingly, the Johnson Court held that an increase to a defendant's sentence under the clause "denies due process of law."  In Welch v. United States, 136 S. Ct. 1357 (2016), the Supreme Court held that Johnson is retroactive as applied to the ACCA.  The Supreme Court granted certiorari in Beckles v. United States, 2016 U.S. LEXIS 4142.  Among the issues presented in that case is whether Johnson applies retroactively to collateral challenges to federal sentences enhanced based on the definition of crime of violence in the Career Offender Guideline.

As noted above, Silva's designation as a Career Offender was based on three prior convictions, two controlled substance offenses and one crime of violence.  However, the Career Offender Guideline only requires "two prior felony convictions of either a crime of violence or a controlled substance offense."  USSG § 4B1.1(a).  The Supreme Court's decision in Johnson only affects

5

which crimes can be considered crimes of violence.  Therefore, even if Silva's prior non-drug conviction no longer qualifies as a crime of violence, his two prior controlled substance offenses still make him subject to the Career Offender Guideline. Accordingly, Silva is not eligible for relief under § 2255 and the Court DENIES the motion.

## CONCLUSION

For the foregoing reasons, the Court DENIES Silva's § 3582 motion, Docket No. 32, DENIES his § 2255 motion, Docket No. 44, and DENIES his motion for appointment of counsel, Docket No. 46.

IT IS SO ORDERED.

Dated: October 26, 2016

CLAUDIA WILKEN
United States District Judge